Filed 07/14/26

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT 05201
802-447-2700
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-02237



| Catherine Winney v. Essentia Insurance Company |
| --- |

## ENTRY REGARDING MOTION

Title:        Cross Motion for Summary Judgment; Cross Motion for Summary Judgment on the Issue of Insurance Coverage;  (Motion: 3; 4)
Filer:        Alexander G Henlin; Patrick D. Winburn
Filed Date:    October 07, 2025; October 31, 2025

Plaintiff Catherine Winney seeks summary judgment on the issue of insurance coverage (Motion 3).  Defendant Essentia Insurance Company opposes the motion, and seeks summary judgment regarding coverage in its favor. (Motion 4).  For the following reasons, Ms. Winney's motion is denied, and Essentia's motion is granted.

### Background

The following relevant facts are undisputed by the parties and supported by a sworn affidavit consisting of personal knowledge, and other admissible evidence in the record.  See V.R.C.P. 56(c)(2); 56(c)(6); *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356 ("Summary judgment will be granted if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law.'" (quoting V.R.C.P. 56(c)(3))).  All inferences have been made in favor of the nonmoving party.

In December 2024, Ms. Winney was a backseat passenger in a vehicle driven by Colby O'Shea, who crashed the vehicle into a telephone pole.[1]  Mr. O'Shea is uninsured.  Ms. Winney is the daughter of John Winney and resides in his home.[2]  Mr. Winney holds an insurance policy on a 1967 Ford Mustang Convertible from Essentia.  This is the "covered auto" under the policy.  See *Plf.'s Ex. B* at 7, *Classic Automobile New Policy Declaration*; 11, *Classic Automobile Policy Definitions* (Oct. 7, 2025).  He has paid an annual premium on this policy.  He has maintained separate insurance on other "regular use vehicles" through a different insurance carrier, which also provided coverage for uninsured motorist accidents.

---

[1] The matter of Mr. O'Shea's potential negligence involved in this crash, and that negligence causing Ms. Winney to suffer broken bones and other injuries, is the subject of a separate motion for partial summary judgment. However, given the finding here, that motion is moot.  See *Entry Order* (Motion 2).

[2] Essentia agreed that Ms. Winney resides in the same household as Mr. Winney.  It did not dispute nor agree to the fact, supported by affidavit, that Ms. Winney is Mr. Winney's daughter. *Def.'s Resp. to Plf.'s SUMF* ¶ 2 (Oct. 31, 2025).  The court will consider the fact undisputed for the purposes of the motion. V.R.C.P. 56(e)(2).

The Essentia policy covers the policy holder John Winney, and in the Uninsured Motorists provision, any "[f]amily member" who meets the definition of "a person related to you by blood, marriage, civil union under Vermont law or adoption who is a resident of your household. This includes a ward or foster child." *Plf.'s Ex. B* at 23, *State Endorsement–Vermont Definitions* (Oct. 7, 2025).

The policy limits when a person is insured under this policy as follows: "'Insured' as used in this endorsement means: 1. You or a 'family member' while 'occupying' 'your covered auto'. 2. You or a 'family member' while not 'occupying' a motor vehicle." *Plf.'s Ex. B* at 29–30, *Uninsured Motorist Coverage–Vermont* Part C) C. The policy defines "[o]ccupying" as "in, upon, getting in, on, out or off." *Plf.'s Ex. B* at 11, *Classic Automobile Policy* Definitions F.

### Standard for Partial Summary Judgement: Undisputed Facts

Under Vermont Rule of Civil Procedure 56, summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." V.R.C.P. 56(a). A fact is material only if it might affect the outcome of the case. *O'Brien v. Synnott*, 2013 VT 33, ¶ 9, 193 Vt. 546. In assessing whether a genuine dispute as to any material fact exists, courts construe "the facts presented in the light most favorable to the nonmoving party." *Vanderbloom v. State Agency of Transp.*, 2015 VT 103, ¶ 5, 200 Vt. 150. In addition, "the nonmoving party receives the benefit of all reasonable doubts and inferences." *Robertson v. Mylan Labs., Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356; accord *Pettersen v. Monaghan Safar Ducham, PLLC*, 2021 VT 16, ¶ 9, 214 Vt. 269. To that end, courts "accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." *Robertson*, 2004 VT 15, ¶ 15.

Here, Essentia qualifies its agreements and non-disputes with the facts recited above with the point that Ms. Winney's *Statement of Undisputed Material Facts* does not conform precisely with the requirements of Rule 56(c)(2), as it does not include citations on the paragraphs. However, Essentia does not dispute Ms. Winney's factual statements. Ms. Winney has not agreed to nor raised any dispute with Essentia's *Statement of Undisputed Material Facts*. The court deems any facts in Essentia's *Statement* not directly contradicted by Ms. Winney's *Statement* to be undisputed for the purposes of the cross-motions. V.R.C.P. 56(e)(2), 56(e)(4). The court does not consider legal assertions regarding the proper interpretation of contractual terms which appear in either party's *Statements of Undisputed Material Fact* to be facts. See *State Farm Mut. Auto. Ins. Co. v. Colby*, 2013 VT 80, ¶ 8, 194 Vt. 532. The facts are taken from both parties' *Statements of Undisputed Material Fact* and supported by both cited and uncited materials in the record outside of the *Statements of Undisputed Material Fact*, which the court has considered. V.R.C.P. 56(c)(2); 56(c)(5). As there is no genuine dispute regarding the material facts, the question is whether either party is entitled, on the basis of the material facts, to judgment on the question of whether or not Ms. Winney is "insured" under this policy under the relevant circumstances.

**Standard for Partial Summary Judgement: Judgment as a Matter of Law**

The question of whether or not someone is insured under an insurance policy is not one of fact, but of law. See, e.g., *Co-operative Ins. Cos. v. Woodward*, 2012 VT 22, ¶ 8, 191 Vt. 348 ("[I]nterpretation of an insurance policy, like other contracts, is a question of law."). A policy will be read according to the "plain, ordinary, and popular" meaning of the terms. *N. Sec. Ins. Co., Inc. v. Doherty*, 2009 VT 27, ¶ 8, 186 Vt. 598 (mem.). If plain meaning results in an ambiguous term, the ambiguity will be construed in favor of coverage. See *DeBartolo v. Underwriters at Lloyd's of London*, 2007 VT 31, ¶ 9, 181 Vt. 609; see also *Fireman's Fund Ins. Co. v. CNA Ins. Co.*, 2004 VT 93, ¶ 9, 177 Vt. 215. The purpose of an insurance policy is to protect the insured, and this construction in favor of coverage promotes the purpose. See *Am. Fid. Co. v. N. British & Mercantile Ins. Co.*, 124 Vt. 271, 273–74 (1964). "Although ambiguities are to be strictly construed in favor of the insured, the insurer is not to be deprived of unambiguous provisions included in a policy for its benefit." *Waters v. Concord Group Ins. Cos.*, 169 Vt. 534, 536 (1999) (mem.); accord *DeBartolo*, 2007 VT 31, ¶ 9; *Peerless Ins. Co. v. Wells*, 154 Vt. 491, 494 (1990). "The court[s are] further bound to enforce the contract as written and not to rewrite it on behalf of one or both of the parties." *Waters*, 169 Vt. at 536.

**Analysis**

Ms. Winney argues that the policy language, focusing as it does on which automobiles are covered for an insured, currently excludes recovery for her as a "family member" within the Uninsured Motorists Insurance Policy solely on the ground that she was in the same vehicle with an uninsured motorist. She argues that the plain language of the policy regarding "insureds" should be voided as unenforceable, since it is in direct contradiction with Vermont law, and against the public policy the law embodies. See 23 V.S.A. § 941(a) (prohibiting insurance policies for vehicles owned or garaged in the Vermont from omitting uninsured motorist coverage); *Monteith v. Jefferson Ins.*, 159 Vt 378 (Vt 1992); cf. *LoPresti v. Rutland Regional Health Servs., Inc.*, 2004 VT 105, ¶ 19, 177 Vt. 316 (discussing voidability of provisions in employment contracts contrary to public policy).

Essentia agrees that the plain language of the policy excludes Ms. Winney as an insured which Ms. Winney has conceded. See *City of Burlington v. Nat'l Union Fire Ins. Co.*, 163 Vt. 124, 127–28 (1994) (discussing interpretation of insurance policies according to their plain meaning); *Medlar v. Aetna Ins. Co.*, 127 Vt. 337, 347 (1968) (holding courts must construe contracts as written). Essentia argues that 23 V.S.A. § 941 does not and should not apply to its exclusion of who is not insured.

Essentia argues alternatively that should 23 V.S.A. § 941 apply to its policy, the court must consider the surrounding circumstances of the policy's creation as a classic car policy not intended to provide coverage generally, but only in very specific situations involving the classic car. For this reason, the policy required, and was designed to interlock with, separate policies, which would provide Uninsured Motorist coverage for situations where the classic car was not involved. Therefore, Essentia argues, 23 V.S.A. § 941 still does not prohibit Essentia's exclusion of Ms. Winney as an insured under the relevant circumstances here. See *Brillman v. New England Guar. Ins. Co., Inc.*, 2020 VT 16, ¶ 19, 211 Vt. 550 ("Provisions in an insurance

policy must be read together and viewed as an integrated whole." (internal quotation marks omitted)).

The issue before the court is whether who is an insured may be modified contractually by location under Vermont law to exclude coverage in the relevant circumstances.

The language of the policy's *Uninsured Motorist Coverage* Part C, Section C names two types of people as insured: the policy holder, as "you," and "family members" of the policy holder. *Plf.'s Ex. B* at 29, *Uninsured Motorist Coverage–Vermont* Part C) C. The rest of the provisions describing the "insured" are various exclusions based solely on location of the policy holder, or their family members.

A family member is defined as an insured under the policy only when either in the insured vehicle, Mr. Winney's Mustang, or when outside of *any* vehicle.

Ms. Winney argues that this exclusionary definition runs directly counter to holdings made by the Vermont Supreme Court. In *Montieth v. Jefferson Ins. Co.*, the Court held: "The statute does not allow insurers to condition coverage on the location of the insured nor the insured's status as a motorist, a passenger in a private or public vehicle, or as a pedestrian." *Monteith v. Jefferson Ins. Co.*, 159 Vt. 378, 381 (1992).

However, the Court later held that "[w]hile uninsured coverage is mandated by the statute and coverage which is mandated may not be reduced or eliminated by policy provisions, those protections extend only to those insured under the policy." *Norman v. King*, 163 Vt. 612, 614–15 (1995) (mem.). Cases citing *Norman v. King* have interpreted this explanation to give policy writers the ability to exclude certain types of people from Uninsured Motorist coverage with unambiguously drafted definitions of who is "insured." See, e.g., *Progressive N. Ins. Co. v. McGrath*, 2021 VT 79, ¶ 32, 215 Vt. 582 (Reiber, C.J., concurring and dissenting); *Congdon v. Peerless Ins. Co.*, No. 609-11-98 Wncv, 2001 WL 36083303 at 3 (Vt. Super. Sept. 27, 2001).

In *Norman v. King*, the policyholder allowed his daughter to drive the family car one night with the restriction that no other person may drive it. When the daughter reached her destination, which was a meeting point for a group of friends before heading out to another location, she gave the keys of her father's car to a friend and got into a different car. The friend got into an accident while driving the father's car. The friend was uninsured and the person who was injured by the accident was a passenger in the vehicle. The injured person's uninsured motorist coverage paid her claim and sought reimbursement from the father's insurance. The father's uninsured motorist's policy covered "any other person while using such a car if its use is within the scope of consent of you or your spouse" as "insured." *King*, 163 Vt. at 613. The trial court found the injured person was not insured under the policy, as the father had not given his consent for the person to be in the vehicle, as he had forbidden any friend from driving the vehicle when he allowed his daughter to use the car that evening. The Supreme Court affirmed the trial court writing: "[t]he statute was not enacted to provide coverage for everyone contained in the policy, and limiting coverage to passengers falling within the policy's definition of "insured" is not barred by the statute." *Id.* at 615.

Other courts have considered this same issue when applying Vermont law, making similar findings. The Second Circuit, applying both 23 V.S.A. § 941(a) and the holding in *Norman v. King*, discussed whether under Vermont law exclusions in a policy's definition of insured, such as "[a]nyone else while using with your permission a covered auto you [the named insured] own, hire or borrow[,]" could be reasonably used to limit uninsured motorist insurance coverage. *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 104 (2d Cir. 1997). Although the holdings of the Second Circuit are not binding on the trial courts, the discussion here is persuasive.

In *Canedy*, the person injured by the uninsured motorist stopped to get a cup of coffee before the accident. The uninsured motorist hit her as she walked across the street to the coffee shop, and the liability coverage she had paid for when renting the car she used that day only insured her when she was "using with your permission a covered auto." *Id.*

The rental car company's policy covered three types of insured people:

a. You [the named insured]
b. Anyone else while using with your permission a covered auto you [the named insured] own, hire or borrow. . . .
c. Anyone else who is not otherwise excluded under paragraph b above and is liable for the conduct of an insured."

*Id.* As the person who rented the car was not the named insured under the policy, the Second Circuit held the insurance company could limit its coverage to a generalized anyone by whether or not the injured person was using the car at the time. The Second Circuit pointed out "the Court held that Vermont's UIM statute requires UIM coverage *only* for 'persons insured' under the *terms* of the liability policy. The plaintiff's proposed rule, which asks us to require coverage for renters even when they are not within the liability policy's definition of 'insured,' conflicts with this principle." *Id.* at 105 (internal citations omitted). Notably, the provisions of this policy did not include a limitation on the named policy holder by location, or usage.

The *Canedy* analysis does not apply the principle of *Norman v. King* to a definition of insured which creates an effect which would absolutely "limit, reduce or eliminate the coverage mandated by statute" for the policyholder themselves. *Id.* at 104. Uninsured Motorist coverage is intended to protect the policyholder as a kind of self-insurance. See *Hubbard v. Metropolitan Prop. & Cas. Ins. Co.*, 2007 VT 121, ¶ 10, 182 Vt. 501. The limits to the insurance coverage have been found when someone who is clearly not the policyholder attempts to make a claim on the policy. This was true in *Norman v. King*, and was reiterated in *Congdon v. Automobile Ins. Co.*, 174 Vt. 586 (2002). In *Congdon*, the policy insured a "person related to [the named insured or the spouse of the named insured] by blood, marriage or adoption who is a resident of [the named insured's] household. This includes a ward or foster child." *Id.* at 587. The policyholder had been living with a woman and her son as a domestic partner. Had the policyholder married his partner, or gone through an adoption process for her son, the policy would have covered the son when the son was injured in a motorcycle accident. Instead, the Court held there was no ambiguity in the terms of whom the policy insured, and the son was, due to the fact the family

was based on a domestic partnership at the time, not an insured under the unambiguous terms of the policy.

Most recently, in *Progressive N. Ins. Co. v. McGrath*, the Court held that terms very much like Essentia's policy would prevent a friend driving a policyholder to the airport from being considered insured. See 2021 VT 79, ¶ 10, 215 Vt. 582. An uninsured motorist hit the friend while he was walking from a gas station back to the policy holder's car, with a cup of coffee in hand.

> The policy defines "insured person" for purposes of UIM benefits to include: (1) the individuals who are named insureds under the terms of the policy—i.e., the owner; (2) "[a]ny person while operating a covered auto with the permission of" a named insured; and (3) "[a]ny person occupying, but not operating, a covered auto."

*Id.* ¶ 3. As someone who was not the policyholder, the friend would have been covered under (2) while driving the vehicle, as he had been doing before stopping to get gas and coffee. However, as he was not "occupying" the vehicle under the unambiguous terms of the policy, the Court held the friend was not insured. Discussing both *Montieth* and *Norman v. King*, Chief Justice Reiber wrote in concurrence and dissent "The insurer, which drafts the policy language, can limit coverage to individuals who fall within the definition of an insured person without violating the statute." *Id.* ¶ 32.

This leaves the court with the issue that Essentia has placed in its policy an exclusion which absolutely limits the portability of Uninsured Motorist coverage for both the policyholder, Mr. Winney, and the family members of the policyholder, in this case Ms. Winney, in the insured definition, rather than in the coverage limitations. The full policy language reads:

> "Insured" as used in this endorsement means:
> 1.  You or a "family member" while "occupying" "your covered auto".
> 2.  You or a "family member" while not "occupying" a motor vehicle.
> 3.  Any other person while "occupying" "your covered auto" with permission from you.
> 4.  Any person, for damages that person is legally entitled to recover because of "bodily injury" to a person described in this definition in 1., 2., or 3. above. This does not increase our limit of liability in any accident to an amount greater than the limit that applies to the person who has sustained a "bodily injury" and is described in this definition in 1., 2., or 3. above.
>
> However, "insured" shall NOT mean and does NOT include:
> 1.  You;
> 2.  Any "family member" or any other person related to you who resides with you; or
> 3.  Any other person;

while "occupying", operating or otherwise using any vehicle owned by, or furnished or available for the regular use of, you, or any person related to you who resides with you, if that vehicle is not "your covered auto".

*Plf.'s Ex. B* at 29, *Uninsured Motorist Coverage–Vermont* Part C) C.

The exclusion starting with "However" is an unambiguous exclusion which prevents the policy providing UM coverage when the policy holder is in their non-specialty, regular use vehicle. This exclusion is the basis of Essentia's alternative argument that it is designed to prevent a double recovery on the basis of this policy and is not prohibited by the statute. The potential interplay of this exclusion as it relates to the policy holder with the Progressive Policy which covered Mr. Winney's regular use vehicle is beyond the scope of this decision.

The sole question which the court must answer here is whether Essentia may only insure Ms. Winney when she is in either a vehicle specifically covered under this policy, or not occupying any other vehicle. Unambiguous exclusionary language such as this has been held to be in keeping with 23 V.S.A. § 941 in *Norman v. King*, and *Congdon*, with a separate mention of approval in *McGrath*. Based on the unambiguous terms of who is insured under the relevant circumstances, Ms. Winney is not covered. This is within the recognized exceptions to 23 V.S.A. § 941(a)'s provision of portable Uninsured Motorist coverage, which allow an insurance policy to limit who is insured by unambiguous terms. As Ms. Winney is not the policyholder, she may be excluded from the guarantees of coverage. Because she has been unambiguously excluded from the definition of insured, Ms. Winney is not insured under the Essentia policy.

## Order

Motion 4 is granted.

Motion 3 is denied.

**Signed electronically July 11, 2026 pursuant to V.R.E.F 9(d).**

_____

**David Barra**
**Superior Court Judge**